CITY OF FORT MYERS v. STATE, Respondent, and ATLANTIC COAST LINE RAILROAD COMPANY, a Corporation, Intervener.

176 So. 483.

Opinion Filed June 3, 1937.

On Rehearing October 28, 1937.

*Allen Clements,* for Appellant;

*Henderson & Franklin* and *Parker Holt,* for Appellees.

TERRELL, J.—In January, 1937, the City of Fort Myers filed its petition in the Circuit Court to validate refunding bonds in the sum of $3,008,000.00, payable in thirty years, redeemable at any interest payment date at par with accrued interest. Said refunding bonds were to be substituted for bonds outstanding in the sum of $2,730,862.31, and to fund judgments aggregating $279,728.82, predicated on outstanding bonds.

Notice and order to show cause why the refunding bonds should not be validated was given. The State of Florida filed its answer resisting their validation because of insufficiencies in the petition and the Atlantic Coast Line Railroad Company, a corporation and taxpayer, intervened and filed its motion to dismiss the validation petition and in due course filed its answer. Testimony was taken and on final hearing the prayer to validate was denied and the cause was dismissed on the motion of the intervenor. From that final decree, the instant appeal was prosecuted.

The first question with which we are confronted is whether or not a creditor or taxpayer of a municipality may successfully resist the validation of refunding bonds on the ground that the boundaries of the municipality were materially reduced by legislative Act after the original bonds were issued and it is proposed to impose the refunding bonds on the municipality as reduced.

This question is raised by the answer of the intervenor where in substance it alleges that when the major portion of the original bonds were issued, the City of Fort Myers embraced a great deal of territory which was not embraced therein when it was proposed to issue the refunding bonds. The intervenor is a taxpayer, but is not a bondholder or creditor of the city. No bondholder is here complaining, but a taxpayer adversely affected can raise the question.

As a general proposition, the Legislature has plenary power under Section Eight of Article Eight of the Constitution to enlarge or contract the boundaries of a municipality and impose reasonable regulations and restrictions as to taxes and other charges on the territory affected. This power is subject to the exception that contract rights cannot be adversely affected by such changes which are at all times subject to judicial review. If contracting the

boundaries of a municipality adversely affects the obligations of contracts previously consummated by imposing a heavier or different burden on those affected, it will not be permitted to stand as to such contracts.

The second question with which we are confronted is whether or not a vote of the freeholders will be required to approve the refunding bonds brought in question, the original bonds having been secured by a limited tax prescribed in the city charter, while it is proposed to support the refunding bonds with an unlimited tax, the charter having been changed.

The record discloses that approximately ninety per cent. of the bonds which are proposed to be refunded were issued under Chapter 5496, Acts of 1905, and Chapters 10563 and 10564, Acts of 1925, being the city charter of Fort Myers, both having a tax limit of eight mills on the dollar for bonds and other purposes, while in Chapters 11855 and 12743, Acts of 1927, under which it is proposed to issue the refunding bonds, the tax limitation as provided in the old charter is removed and such bonds may be issued and supported by a tax bounded only by the discretion of the city.

Section Six of Article Nine of the Constitution provides that municipalities may issue bonds only after an approving vote of the freeholders at an election in which a majority of them participate. Such a vote is not required to issue refunding bonds or to pay the interest thereon. A refunding bond contemplates nothing more than an extension of the original obligation under like terms. If it in any way adds to, increases, makes more attractive, or enhances the obligation of the contract in a way not embraced in the original bond, it will be held in violation of amended Section Six of Article Nine of the Constitution unless approved by a

vote of the freeholders. State v. Miami, 101 Fla. 292, 134 So. 608; State v. Citrus County, 116 Fla. 676, 157 So. 4.

The fact of support by a limited tax was written into and became a part of the contract of the original bonds. To issue refunding bonds supported by an unlimited tax would materially enhance the bond contract and would be contrary to Section Six of Article Nine of the Constitution, without an approving vote of the freeholders. It was on this ground that the court below dismissed the bill and we find no error in so doing.

The next question we are called on to answer is whether or not homesteads in Fort Myers are subject to an unlimited tax to support the refunding bonds.

The homestead exemption amendment was adopted November 6, 1934. All homesteads are subject to a tax for the support of refunding bonds to take the place of original bonds issued prior to that date. Folks and State v. Marion County, 121 Fla. 17, 163 So. 298.

Other questions argued by appellant have been considered, but we find no reversible error. None of the questions raised here were directly adjudicated below except that of whether a vote of the freeholders was required to approve the refunding bonds. On this point we have affirmed the chancellor. His judgment is in other respects affirmed unless it may appear to be in conflict with what we have said here, in which event it is reversed.

Affirmed.

ELLIS, C. J., and BROWN, BUFORD and DAVIS, J. J., concur.

ON PETITION FOR REHEARING.

PER CURIAM.—In our main opinion filed June 3, 1937, we held that approximately ninety per cent. of the bonds proposed to be refunded were issued under charter provisions

having a tax limit of eight mills on the dollar for such purposes. We further held that a refunding bond contemplates nothing more than an extension of the original obligation under like terms. If it in any way adds to, increases, makes more attractive, or enhances the obligation of the contract in any way not embraced in the original bond, it will be held in violation of Section Six of Article Nine of the Constitution unless approved by a vote of the freeholders.

It is now contended that the Court was in error in holding that ninety per cent. of the bonds proposed to be refunded were issued under a limited tax, but that even if that had been the case under Section 33 of Chapter 12743, Acts of 1927, and subsequent provisions of the Charter of Fort Myers, the said bonds were supported by an unlimited tax and being so, all refunding bonds should be issued subject to redemption by an unlimited tax.

We have reexamined the record and briefs on rehearing and find no reason to recede from or modify anything we said in our main opinion. In our view, the obligation of the bond contract is fixed by law as of the date of the issuance of the bond and under Section Six of Article Nine of the Constitution any change in that contract which amounts to more than an extension of the original obligation must be done by a vote of the freeholders.

The fact that the Legislature subsequently amends the city charter to remove the limited tax provision and substitute in lieu thereof an unlimited tax provision does not remove the requirement for an approving vote of the freeholders under Section Six of Article Nine, such a vote being mandatory in all cases where the obligation of the bond is in any respect changed.

It follows that our former opinion is affirmed on rehearing.

Affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.