STATE v. SPECIAL TAX SCHOOL DISTRICT No. 7-B *of* SANTA
ROSA COUNTY, acting by and through its governing au-
thority, BOARD OF PUBLIC INSTRUCTION OF SANTA ROSA.

179 So. 683.
En Banc.
Opinion Filed March 2, 1938.

*E. Dixie Beggs, Jr.,* State Attorney, for Appellant;

*Giles J. Patterson* and *T. Franklin West,* for Appellee.

TERRELL, J.—On June 8, 1937, the Board of Public Instruction of Santa Rosa County adopted a resolution to refund $20,000.00 of bonds of Special Tax School District Number 7-B dated May 1, 1915, and $44,000.00 of bonds of said district dated July 1, 1925, all said bonds to be exchanged for a like amount of refunding bonds dated July 1, 1937, maturing July 1, 1957, bearing interest at the rate of four per cent. per annum until July 1, 1940, and five per cent. thereafter until paid.

Subsequent to the adoption of this resolution, Special Tax School District Number 7-B filed its petition in the Circuit Court of Santa Rosa County praying that the refunding bonds so ordered be validated. The State Attorney filed his answer to the petition interposing no objection to the validation and no objection arising from any other source, a final decree was entered validating the bonds. This appeal is from the final decree.

Appellant and Appellee state the sole question for consideration as follows:

"Are refunding bonds sought to be issued by a Special Tax School District under the provisions of the Constitution and Laws of Florida, including Chapter 15772, Acts of 1931, without an election, valid where the refunding bonds pledge an unlimited tax and are to be issued in exchange for bonds of the District, some of which bonds were issued and sold prior to the amendment in 1924 of Article 12, Section 17, of the Constitution of the State of Florida?"

It is contended that since $20,000.00 of the bonds sought to be refunded were issued when the constitutional tax limit, as fixed by Section Seventeen of Article Twelve, was five mills and that since the refunding bonds would be supported by an unlimited tax levy, thereby materially enhancing the bond contract, they should be approved by a vote of the freeholders as required by Section Six of Article Nine of the Constitution.

This contention is not well grounded. The resolution providing for the refunding bonds was adopted pursuant to Chapter 15772, Acts of 1931, which was enacted by authority of Section Six, Article Nine, of Constitution as amended in 1930 to provide the *modus operandi* for issuing refunding bonds. Section Six of Article Nine required that all bonds except those issued by the State for the purposes stated or for refunding purposes be approved by a vote of the freeholders. Section Six of Article Nine as amended in 1930 became the exclusive law of the subject and as did Chapter 15772 authorized the issue of refunding bonds without any limitation on the tax imposed except that it should be sufficient to pay principal and interest on the bonds. State v. Special Tax School District Number 5 of Dade County, 107 Fla. 93, 144 So. 356.

In view of the 1930 Amendment to Section Six of Article Nine, the fact that a portion of the bonds sought to be refunded were issued under Section Seventeen of Article

Twelve prior to 1924 when the tax limit was five mills is not material since the amendment of 1924 removed the limitation. Perry v. Consolidated Special Tax School District Number 4 of Hillsborough County, 89 Fla. 271, 103 So. 639; State, *ex rel*. Sovereign Camp Woodmen of the World, v. Boring, 121 Fla. 781, 164 So. 859.

It follows that since the adoption of the amendment to Section Six of Article Nine, Section Seventeen of Article Twelve has no controlling effect on the issuance of refunding bonds of Special Tax School Districts and since the repeal of the tax limitation in Section Seventeen of Article Twelve by the 1924 Amendment, there is now no constitutional tax limitations to the levy of taxes for the payment of the original or refunding Special Tax School District bonds.

In this holding, we are not unmindful of what we said in State v. Fort Myers, 129 Fla. 166, 176 So. 483. The two cases are not analogous. In the Fort Myers case, the original bonds were issued without the approval of the freeholders and were supported by a limited tax levy while it was proposed to issue the refunding bonds with no limit to the tax levy to support them. The original bonds involved here were issued under Section Seventeen of Article Twelve after an approving vote of the freeholders and were supported by a limited tax levy which was after issue in 1924 removed by vote of the people at a Statewide election and with the amendment to Section Six of Article Nine became the public policy of the State. Board of Public Instruction of Palm Beach County v. State, decided December 16, 1937.

It follows that the resolution of the Board of Public Instruction of Santa Rosa County and the refunding bonds provided thereby were warranted and authorized by Chap-

ter 15772, Acts of 1931, and the provisions of the Constitution relied on.

The judgment of the Circuit Court is accordingly affirmed.

Affirmed.

ELLIS, C. J., and WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.