STATE v. CITY OF INVERNESS.
188 So. 767.
Division A.
Opinion Filed May 12, 1939.

*J. W. Hunter,* for Appellant.

*George Scofield,* for Appellee.

BUFORD, J.—The appeal brings for review a decree validating refunding bonds where'n, *inter alia,* it appears:

"F. That all proceedings required by the laws of the State of Florida with respect to the authorization and issuance of the outstanding bonded indebtedness proposed to be refunded and described in the petition in this cause, were taken by the governing body of said City of Inverness, and that all of said evidences of indebtedness were issued and outstanding prior to November 6, 1934, and are now outstanding and in the hands of bona fide holders for value.

"G. That homesteads, as defined in Article X of the

Constitution of Florida, constitute a substantial part of the property values in said City.

"H. That the bond issue of said City of Inverness, Florida, designated General Improvement Bonds, Water Extension Bonds, Street Paving Bonds, Street Lighting Bonds, Sewer Extension Bonds and Funding Bonds dated January 1, 1926, the unpaid portions of which, together with accrued and unpaid interest thereon to September 1, 1938, are proposed to be refunded by City of Inverness, Florida, Refunding Bonds, Issue of 1938, dated September 1, 1938, and all acts and proceedings of the governing authority of the Town of Inverness in connection with the issuance and sale of said bonds, were legalized, validated and confirmed by Chapter 11,547, Laws of Florida, Special Acts of the 1925 Legislature, Extraordinary Session; and the bonds issues of said City described in the schedule hereinbelow set forth, the unpaid portions of which, together with accrued and unpaid interest thereon to September 1, 1938, are proposed to be refunded by City of Inverness, Florida, Refunding Bonds, Issue of 1938, dated September 1, 1938, were duly validated and confirmed by final decrees of the Circuit Court in and for Citrus County, Florida entered respectively on the dates stated below:

| Date of Issue | Designation | Date of Validating Decree |
|---|---|---|
| September 1, 1926 | Street Improvement Bonds | September 4, 1926 |
| September 1, 1927 | Street Improvement Bonds | August 27, 1927 |
| September 1, 1927 | Street Paving Bonds | August 27, 1927 |
| September 1, 1927 | Gen'l Improvement Bonds | August 27, 1927 |
| September 1, 1929 | Refunding Bonds (Public Utility Bonds) | September 14, 1929 |
| January 1, 1922 | (Issued for Water Works and Sewerage System) | December 30, 1921 |
| July 1, 1931 | Park Bonds | July 31, 1931 |

632

"I. That all of the outstanding bonds proposed to be refunded were issued under the authority of general or special Acts which expressly authorized the levy of taxes to pay the principal thereof and the interest thereon without limitation of rate or amount except the bonds designated Public Ut.lity Bonds, dated January 1, 1922, which bonds were issued under the authority of the Charter of the Town of Inverness, Chapter 8274, Special Acts of 1919, which Act l.mited rate of taxation for the payment of principal and interest of bonds to 15 mills.

J. That Chapter 11,548, Laws of 1925, Special Session, amended said Chapter 8274, Special Acts of 1919, so as to require the levy of taxes in such amount as may be necessary and sufficient to provide for the payment of principal and interest of any bonds of said town then outstanding or thereafter issued.

"K. That said Public Utility Bonds dated January 1, 1922, were approved by a majority vote of the registered voters of the town who pay a tax on real estate at an election called for that purpose in accordance with the provisions of the town charter.

"L. That said Public Utility Bonds, dated January 1, 1922, pledged the full faith, credit and revenues and all real and personal property of the town for their payment and recite that a tax is to be levied upon all taxable property in the Town of Inverness to pay the interest thereon and to create a sinking fund sufficient in amount to pay said bonds at maturity.

"M. That the General Refunding Act of 1931, Chapter 15772, Laws of Flordia, Acts of 1931, under the refunding bonds sought to be validated are proposed to be issued, expressly requires municipalities issuing refunding bonds pursuant to its provisions to levy, assess and collect

such taxes as shall be sufficient to pay the principal and interest of the refunding bonds as they become due, and that no other section of said Act, or any other law, shall be construed to limit or restrict the powers or obligations of the municipality thereunder.

As Conclusions of Law from the Foregoing Facts, the Court Finds:

"1. That this court has jurisdiction of the subject matter of this cause and of the parties hereto, including all of the citizens and taxpayers of the said City of Inverness, Florida.

"2. That all of the outstanding indebtedness described in the petition herein and authorized to be refunded by the resolution duly adopted by the City Council of the said City of Inverness, Florida, on December 17, 1938, duly authenticated copy of which said resolution is attached to and made a part of the petition herein, constitutes valid subsisting bonded indebtedness of said City, and for the payment thereof said City of Inverness, is obligated to levy taxes without limitation of rate or amount upon all property within the territorial limits of said City as it existed at the time of issuance of said respective issues of bonds, excepting only such property as was exempt from taxation under the laws and Constitution of Florida which were in force and effect at the time of the creation of the said indebtedness.

"3. That under the Constitution and statutes in force at the time of the issuance of the bonded indebtedness proposed to be refunded, homesteads were subject to taxation, without distinction as to rate. for the payment of the principal and interest of said bonded indebtedness, and taxes levied for such purpose were required to be collected and paid in cash at the same time and in the same manner

as taxes levied for governmental and operating expenses and such requirements pertain to the character. and extent of the legal obligation of the bonds and constitute a material part of the contract with the bondholders.

"4. That the General Refunding Act of 1931, being Chapter 15,772, Laws of Florida, 1931, and Section 6 of Article IX of the Constitution of Florida, as amended in 1930, fully authorize the issuance of said refunding bonds without an election, and their issuance has been duly provided for by the resolution properly adopted by the City Council of the City of Inverness. Florida. on December 17, 1938.

"5. That the Refunding·Bonds described in the petition herein and sought to be validated in this cause will, when issued in the manner provided in the resolution authorizing their issuance, evidence merely an extension or renewal in a new form of the original outstanding bonded indebtedness to be refunded, which original indebtedness will not be extinguished by, but will be merged in, the Refunding Bonds with like force and effect as to obligation as if the original bonded indebtedness had remained unrefunded by the issuance of such.Refunding Bonds.

"6. That the agreements and covenants contained in the Refunding Bonds and in the resolution adopted by the City Council of said City of Inverness, Florida, copy of which said resolution is annexed to the petition and marked Exhibit A, to the effect that, for the payment of said Refunding Bonds and interest thereon the full faith, credit and taxing power of said city are pledged to the same extent and with like force and effect as the same were pledged for the payment of the indebtedness to be refunded, and that all rights and remedies for the enforcement of the indebtedness to be refunded by the said Refunding Bonds will appertain to said Refunding Bonds,

notwithstanding any restrictions and limitations thereon enacted by the Legislature of the State of Florida since the incurring of the indebtedness to be refunded thereby, are valid and binding upon said City, and are sufficiently referred to in said Refunding Bonds.

"7. That the refunding bonds, when duly exchanged for the outstanding indebtedness described in the petition and in the resolution attached thereto as Exhibit A, will constitute a valid continuation and extension of the obligations of the bonded indebtedenss so refunded, and that, notwithstanding the provisions of Section 7, Article X, of the Constitution of the State of Florida and Chapter 17,-060, Laws of Florida, 1935, the said City of Inverness, Florida, will be obligated to levy taxes, for the payment of said Refunding Bonds and interest thereon, upon all property subject to taxation for the payment of said outstanding bonded indebtedness to be refunded, excepting only such property as was exempt from taxation under the laws and Constitution of Florida which were in force and effect at the time of the issuance of the original bonds; and that said Refunding Bonds will not be subject to any other legislation enacted by the Legislature of the State of Florida impairing or modifying the obligations of said City of Inverness on the Refunding Bonds or the covenants and agreements contained in said resolution providing for the issuance of the same, and that each and every of the covenants and agreements contained in said resolution and in said Refunding Bonds is valid and binding upon said City."

Other provisions appearing in the decree are not necessary to be quoted here.

The appellant poses four questions for our consideration, as follows:

"QUESTION No. 1. Are the bonds of the City of Inverness known as 'Public Utility Bonds Issued for Water Works and Sewerage System' under date of January 1, 1922, refundable into unlimited tax bonds?"

"QUESTION No. 2: Are the bonds of the City of Inverness refundable into unlimited tax bonds in spite of the provisions of Chapter 18603, Special Acts of 1937; and may the same contemplate the levy and collection of the debt service taxes therefor at the same time and in the same manner as taxes are levied and collected for operating and governmental expenses of said City in spite of Chapter 18604, Special Acts of 1937?"

"QUESTION No. 3: To what extent will homestead property in the City of Inverness be liable for an ad valorem tax to support the refunding bonds in contemplation?"

"QUESTION No. 4: Does a provision in bonds of the City of Inverness for an increase in interest upon the happening of certain contingencies render such bonds nonnegotiable as not being a promise to pay a sum certain?"

The first and second questions were answered in the affirmative by the court below.

The third question was answered by holding that homestead property would be liable as other property for the tax necessary to pay the obligations involved.

The fourth question was answered in the negative.

The questions presented have so often been presented to this Court that it is unnecessary to repeat what has so often been said in preceding cases.

The first question presented is based upon appellant's contention that because Sec. 49 of Chapter 7274, Special Acts of 1919, prohibited the municipality from issuing bonds that will require a greater levy than 15 mills on the

$1.00 valuation, the refunding by an issue which contemplates an unlimited tax levy is illegal. It is shown, however, that the section above referred to was amended by Chapter 11584, Acts of Extraordinary Session of 1925, to read as follows:

"Section 49. That the Town Council in levy;ng tax assessments and otherwise providing for the raising of the revenues necessary to carry on the government hereunder shall in fixing such assessments and levies not exceed the rate of twenty mills for general purposes and shall levy and cause to be assessed and collected such additional taxes on all the taxable real and personal property with.n said town as may be necessary and sufficient to provide for the payment of the principal and interst of any bonds of said Town heretofore or hereafter issued."

A parallel question was presented in the case of State v. Special Tax School District No. 7-B of Santa Rosa County, 131 Fla. 603, 179 Sou. 683. The factual conditions in the above c.ted case differentiated it as do the factual conditions in this case, so that the opinion and judgment in the case of City of Fort Myers v. State, 129 Fla. 166, 176 Sou. 483, was not controlling.

Appellant contends that the opinion and judgment in State v. Special Tax School District No. 7-B of Santa Rosa County, *supra,* is not applicable because in that case there was involved a change in the provisions of the Constitution, while in this case there is involved a change by statute. An amendment of a. statute is just as effectual to the provisions of the amended statute as an amendment of the Constitution is to the provisions of the amended Constitution.

On authority of State v. Special Tax School District No. 7-B of Santa Rosa County, *supra,* the decree of the lower court in this regard is affirmed. See also the recent

case of State of Florida v. City of Melbourne, 135 Fla. 870, 185 Sou. 850.

Chapter 18603, Special Acts of 1937, referred to in the second question, in Section 1 thereof provides:

"Section 1. That the maximum number of mills to be levied by the City of Inverness, Florida, for operating purposes shall not exceed twenty-five mills in any one year and the maximum number of mills to be levied for debt service shall not exceed twenty-five mills in any one year.

"That any number of mills levied during any one year in excess of the millage as provided for herein shall be illegal and void."

Chapter 18604, Special Acts of 1937, in Sections 1 and 2 thereof provides, as follows:

"Section 1. That from and after the passage of this Act any taxpayer shall be permitted to pay any tax levied in the City of Inverness, Florida, for debt service without the payment of any taxes levied for operating purposes, and that any taxpayer shall be authorized and permitted to pay any taxes levied for operating purposes without the payment of taxes levied for debt service. That the said city shall set up a system and operate thereunder providing for a certain number of mills to be levied for operating purposes and a certain number of mills for debt service and the two levies shall be kept separate and distinct and the taxpayer shall be permitted and authorized to pay as a separate payment that portion levied for debt service or that portion levied for operating purposes without the payment of the other.

"Section 2. That any partial payment of taxes made as provided in Section 1 hereof shall not relieve the property of the taxpayer from that portion that is not paid but the lien created by such a tax levy shall continue and remain

in full force and effect against such property until the total amount of the tax so levied has been paid."

Since there is involved here the refunding of bonds issued prior to the enactment of the 1937 statutes, *supra,* those statutes were ineffectual to place a limitation on tax levies for the purposes here contemplated. See State v. City of Melbourne, *supra.* Any other holding would violate Section 10, of Article I of the Federal Constitution.

The third question must be determined as it was in the court below on authority of the opinions and judgments of this court in case of State v. City of St. Petersburg, 127 Fla. 509, 173 Sou. 434, wherein we held:

"Proposed issue of municipal refunding bonds *held* not rendered invalid on ground they violated homestead exemption provisions because resolution authorizing issuance of bonds and bonds themselves obligated municipality to levy taxes for payment thereof on all homesteads located within territorial limits of municipality (Const. Art. 10, Sec. 7; Acts 1935, c. 17060)."

To like effect was our holding in City of Fort Myers v. State, *supra,* and State v. City of Sanford, 128 Fla. 171, 174 Sou. 339.

The fourth question must be answered in the negative, as it was in the court below, on authority of the opinion and judgment of this Court in State v. Special Road and Bridge District No. 4 of DeSoto County, 133 Fla. 119, 182 Sou. 583, and Bay County v. State, *ex rel.,* 116 Fla. 656, 157 Sou. 1.

The decree should be affirmed and it is so ordered.

Affirmed.

TERRELL, C. J., and THOMAS, J., concur.

BROWN, J., concurs in opinion and judgment.

640

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.