STATE, *ex rel.* WOMEN'S CATHOLIC ORDER OF FORESTERS, a Benevolent Ass'n under the laws of the State of Illinois, v. CITY OF FORT MYERS.

191 So. 289
Division A
Opinion Filed October 6, 1939

*J. Franklin Garner* and *Whitfield & Whitfield,* for Relator.

*Allen Clements* and *Parker Holt,* for Respondent.

Terrell, C. J.—Relator is the owner of certain bonds issued by the City of Fort Myers, a portion of which were dated March 15, 1924, and the balance April 1, 1926. This is a mandamus proceeding, the ultimate purpose of which is to determine whether these bonds are supported by a limited or an unlimited tax.

It appears that the bonds dated March 15, 1924, were issued pursuant to a Charter of the City, adopted as provided by Chapter 6940, Acts of 1915, and that the bonds dated April 1, 1926, were issued pursuant to Chapter 10563, Acts of 1925. At the time the bonds dated March 15, were issued, Chapter 5496, Acts of 1905, was the City Charter, which in terms provided a limited tax to support all bonds. Chapter 10563, Acts of 1925, under which the bonds dated April 1 were issued also contained a limited tax to support all bonds. It is too academic to repeat that such provisions of the City Charter became a part of the bond contract.

But Relator contends that the tax limitation contained in the Charter provisions under which the bonds were issued

was removed by the adoption of the new charter, Chapter 14052, Acts of 1929, carrying an unlimited tax provision.

It is true that the latter Act carried an unlimited taxing provision and was approved in a referendum election in which all qualified electors of the City participated; but since the bonds were all issued on an approving vote of the freeholders we do not conceive that the bond contract would be repealed by an election to approve a new charter participated in by the qualified electors. It appears that the charters of the City of Fort Myers have generally required that bonds be issued by an approving vote of the freeholders.

Even if there had been a waiver of the tax limitation provision when the new charter was approved, it was restored by Chapter 18532, Acts of 1937. Relator contends that this Act is invalid because its title as signed by the Governor and the administrative officers of the House and Senate was different from the title to the Act as passed by the Legislature.

The discrepancy on this point is predicated on the use of the words "be the amount of such" as used in the title to the Act signed by the Governor and the administrative officers of the House and Senate, but not found otherwise in the Act. These words were pure surplusage in the title and whether they were out or in did not affect the validity of the Act. Gray v. Central Fla. Lbr. Co., 104 Fla. 446, 140 So. 320.

The motion for peremptory writ is denied.

Buford and Thomas, J. J., concur.

Whitfield, J., concurs in opinion and judgment.

Justices Brown and Chapman not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.