STATE v. CITY OF MANATEE.

191 So. 529
Opinion Filed October 11, 1939

*Clyde H. Wilson,* for Appellant;

*W. L. Kimball,* for Appellee.

TERRELL, C. J.—This appeal is from a final decree of the Circuit Court validating a single issue of refunding bonds to supplant several issues of original bonds of the City of Manatee, Florida. A proceeding in bankruptcy had been held for the purpose of composing the city's bonded indebtedness, a plan had been affected and approved by decree of the Federal Court which is admitted to have been very beneficial to it. The validating decree was predicated on a resolution of the City authorizing the refunding bonds which was adopted pursuant to its charter, Chapter 6772, Acts of 1913, as amended by Chapter 10891, Acts of 1925, and Section 6, Article IX of the Constitution, and Chapter 15772, Acts of 1931.

It is contended that the decree below should be reversed because it is proposed to issue the refunding bonds supported by an unlimited tax levy without an approving vote of the taxpayers as required by Section 6 of Article IX of the Constitution when some of the original bonds were issued under a limited tax levy. City of Fort Myers v. State, 129 Fla. 166, 176 So. 483, is relied on to support this contention.

It is quite true that some of the original bonds were issued pursuant to Chapter 6772, Acts of 1913 (City Charter) which carried limited taxing provisions to support them and that the latter Act was amended by Chapter

10891, Acts of 1925, which removed the tax limitation and provided an unlimited tax to support all the outstanding bonds of the City. It was competent for the legislature to do this. The factual conditions in this case are materially different from those in the Fort Myers case.

In the case at bar, it appears that all the original bonds issued prior to the effective date of Chapter 10891, Acts of 1925, were issued by an approving vote of the freeholders while in the Fort Myers case, it did not appear that the bonds were so issued. In the Fort Myers case, it appears that the legislature passed an Act, Chapter 18532, Acts of 1937, limiting the supporting tax to that in effect when the bonds were issued. These facts would distinguish the Fort Myers case from the case at bar.

In our view, the case at bar is ruled by State v. Special Tax School District No. 7-B, Santa Rosa County, 131 Fla. 603, 179 So. 683; State v. City of Melbourne, 135 Fla. 870, 185 So. 850; State v. City of Arcadia, 137 Fla. 146, 187 So. 771; and State v. City of Inverness, 137 Fla. 629, 188 So. 767. All of these cases contain points very similar to those in the case at bar and in some of them the points are identical.

In municipal bond refunding cases, statutes may under Section 8, Article VIII of the Constitution, remove statutory limits on taxation for bond paying purposes so that refunding bonds issued under Section 6, Article IX of the Constitution, may not be affected by tax limitations in force when the bonds being refunded were issued. In such cases, bondholders are not injured by a tax limit removal and the municipalities and taxpayers are bound by the sovereign power of the law in removing the bond tax limit. Section 8, Article VIII of the Constitution, gives the Legislature power to prescribe the jurisdiction

and powers of municipalities "and to alter or amend the same at any time."

In the special tax school district bond refunding case of State v. Special Tax School District No. 7-B, 131 Fla. 603, 179 So. 583, refunding bonds issued after 1924, though not confined to the original tax limit, were validated, because the bond tax limit of Section 10, Article XII. as amended in 1922, had been removed as to special tax school district bonds by Section 17, Article XII of the Constitution, adopted in 1924, which controlled the rights of the special tax school districts and taxpayers, and the contract rights of the bondholders not being impaired but improved by the constitutional provisions, they could not complain.

There is no similar provision for removing bond tax or other limits affecting county or other district refunding bonds, when amended Section 6, Article IX, is violated by increasing the provisions for paying refunding bonds over those for paying the original bonds without the required vote of the electorate.

The record discloses that all conditions and requirements essential to the validity of the refunding bonds have been complied with as the law directs, that the City was fully authorized to issue said bonds without an approving vote of the freeholders as required by Section 6, Article IX of the Constitution, so the judgment below is affirmed.

Affirmed.

WHITFIELD, P. J., BUFORD, CHAPMAN and THOMAS, J. J., concur.

BROWN, J., dissents.

BROWN, J. (dissenting).—I dissent on authority of City of Fort Myers, 129 Fla. 166, 176 So. 483.