STATE v. CITY OF PUNTA GORDA.

197 So. 734
En Banc
Opinion Filed July 12, 1940
On Rehearing September 6, 1940

*Clyde H. Wilson,* for Appellant;

*W. W. Sinclair,* for Appellee.

BUFORD, J.—The appeal brings for review a decree validating refunding bonds in the aggregate total amount of

principal and interest $1,161,720.81. Involved in this is the refunding of $46,950.00 principal and matured interest coupons unpaid as of January 1, 1939, $24,158.75 of permanent improvement bonds dated July 1, 1914. It is because of the inclusion of the above mentioned issue of July 1, 1914, that the appellant complains.

The proposed refunding bonds are proposed to be issued payable from an unlimited tax levy. When the bonds of July 1, 1914, were issued the statute applicable to the authority for the issuance of such bonds was contained in Section 47, Chapter 5085, Acts of 1901, as amended by Section 7 of Chapter 6390, Special Acts of 1911, which section, as amended, provides as follows:

"Sec. 47. At the meeting at which the Town Council shall approve and adopt the assessment roll, it shall determine the amount to be raised by taxation and fix the rate of taxation and make the annual levies of the current year. Such levies shall not in any year, for ordinary corporate purposes, exceed (ten) 10 mills on the dollar of assessed valuation; the words 'ordinary corporate purposes' shall embrace all expenses for police, streets, gas and other illuminating material, and all other purposes strictly municipal; said Council may levy annually, in addition to the foregoing tax, not to exceed five mills for water-works and fire protection, and may, at their discretion, levy such special tax as may be necessary to pay any indebtedness of the town or the interest thereon, and to provide a sinking fund for the payment of any bonded indebtedness; provided such special tax shall not exceed ten mills on the dollar of valuation for such special purposes in any one year."

Thus, it is seen that this issue of bonds, when issued, was supported by a limited tax levy. By Chpater 9055, Special Acts of 1921, the Town of Punta Gorda was abolished and

,the City of Punta Gorda created. Section 71 of that Act authorized the levy of taxes in such amounts as might be necessary to provide for the payment of interest and principal of all bonds then outstanding or thereafter issued. This latter statutory provision authorized the levy of more than 10 mills to produce the funds with which to pay the outstanding bonds. This, however, did not change the rights of the parties under the original contract and constituted no more than a gratuity which the Legislature had the power to take away at any time and did not make a new contract.

It is now proposed to enter into a new contract pledging the unlimited taxing power instead of the limited taxing power available at the time the bonds were issued and to this extent the bonds would be secured by a higher available rate of taxation than was available under the original contract.

Where it is proposed to make a change of this sort in the terms of the bond contract, it ceases to be a continuation and extension of the original contract and such new or refunding bonds must be authorized by approving election under amended Section 6, Article IX, of our Constitution. See City of Fort Myers v. State, 129 Fla. 166, 176 Sou. 483; State *ex rel.* Woman's Catholic Order of Foresters v. City of Fort Myers, 140 Fla. 224, 191 Sou. 289; State *ex rel.* Woman's Catholic Order of Foresters v. City of Fort Myers, 143 Fla. 304, 196 So. 705, and cases cited in those opinions.

We do not overlook the holding of this Court in State v. City of Manatee, 140 Fla. 248, 191 Sou. 529. In that case a limited tax had been removed but a composition agreement had been entered into and under it the refunding bonds were issued at a rate more attractive than the original bonds.

It follows that the decree must be reversed insofar as it

validates the refunding of the bonds dated July 1, 1914,· hereinbefore referred to.

No valid objection is made to appear as to the remainder of the refunding proceedings.

For the reasons stated, the decree is reversed and the cause remanded for further proceedings.

So ordered.

TERRELL, C. J., WHITFIELD, BROWN, CHAPMAN and THOMAS, J. J., concur.

## ON REHEARING

PER CURIAM.—Pursuant to rehearing granted, we have reconsidered the record here in the light of additional briefs filed, and we are persuaded that we should have followed our opinion and judgment in the case of State v. City of Manatee, 140 Fla. 248, 191 Sou. 529, and cases there cited, wherein we said:

"In municipal bond refunding cases, statutes may under Section 8, Article VIII of the Constitution, remove statutory limits on taxation for bond paying purposes so that refunding bonds issued under Section 6, Article IX of the Constitution may not be affected by tax limitations in force when the bonds being refunded were issued. In such cases, bondholders are not injured by a tax limit removal and the municipalities and taxpayers are bound by the sovereign power of the law in removing the bond tax limit. Section 8, Article VIII, of the Constitution, gives the Legislature power to prescribe the jurisdiction and powers of municipalities 'and to alter or amend the same at any time.'

"In the special tax school district bond refunding case of State v. Special Tax School District No. 7-B, 131 Fla. 603, 179· So. 583, refunding bonds issued after 1924, though not

confined to the original tax limit, were validated, because the bond tax limit of Section 10, Article XII, as amended in 1922, had been removed as to special tax school district bonds by Section 17, Article XII of the Constitution adopted in 1924, which controlled the rights of the special tax school districts and taxpayers, and the contract rights of the bondholders not being impaired but improved by the constitutional provisions, they could not complain.

"There is no similar provision for removing bond tax or other limits affecting county or other district refunding bonds, when amended Section 6, Article IX, is violated by increasing the provisions for paying refunding bonds over those for paying the original bonds without the required vote of the electorate."

See also State v. City of Auburndale filed at this term. Therefore, we recede from our order of reversal of the validating decree "insofar as it validates the refunding of the bonds dated July 1, 1914" entered herein on July 12, 1940, and now order and adjudge that the decree of validation be affirmed.

So ordered.

Affirmed.

WHITFIELD, P. J., BUFORD, CHAPMAN and THOMAS, J. J., concur.

Chief Justice TERRELL and Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.