STATE v. CITY OF AUBURNDALE.

197 So. 739
En Banc
Opinion Filed September 3, 1940

*L. Grady Burton,* State Attorney, for Appellant;
*Latimer A. Long* and *T. S. Trantham,* for Appellee.

TERRELL, C. J.—This appeal is from a final decree validating an issue of refunding bonds in Series A and Series B, dated April 1, 1939, aggregating $371,952.80. The refunding bonds are designed to take the place of outstanding bonds on which interest and principal are past due aggregating $1,859,764.00. The Series B bonds in the sum of $46.937.00 are to be substituted for bonds issued under the 1914 charter of the City and the Series A bonds in the sum of $325,015.80 are to be substituted for bonds issued under the 1925 charter, the corporate limits of the City being different in both cases. The limits of the City were also contracted by judicial decree after the Series A bonds were issued. Both series were secured by special assessments in addition to ad valorem tax assessments.

It is first contended that certain of the refunding bonds

are violative of Section 6, Article IX of the Constitution because they have not been approved by a vote of the freeholders and are proposed under an unlimited tax while the original bonds are supported by a limited tax.

There is no merit to this contention. It is true that $38,010.00 of the original bonds were issued when the City charter provided for a limited tax to support them but the charter was later amended so as to service all bonds by an unlimited tax regardless of when issued. These were the only bonds issued supported by a limited tax and they were approved by vote of the freeholders. This Court has approved bonds so issued. State v. City of Manatee, 140 Fla. 248, 191 So. 529; State v. City of Palmetto, 140 Fla. 252, 191 So. 531.

It is next contended that some of the refunding bonds are violative of Section 6, Article IX, of the Constitution, because the territorial limits of the City were different when some of the original bonds were issued from what they were when the refunding bonds were proposed; the result being that some of the refunding bonds will be served by a larger territory than others.

This contention is also without merit because the resolution for the issuance of the refunding bonds authorizes a tax on all lands heretofore excluded from the City and guarantees that right to be exercised. The refunding bonds themselves also covenant to levy a tax on all lands excluded from the City to support them. Section 8, Article VIII, of the Constitution authorizes such a contract and this Court has approved similar ones. State v. City of Miami, 103 Fla. 54, 137 So. 261.

It is next contended that the classification of the refunding bonds into separate series and the support of each series by taxes on different territory within the limits of the City

results in unequal taxation in violation of Sections 1 and 5, Article IX, of the Constitution.

This contention involves a statutory exemption with reference to which the resolution authorizing the refunding bonds is framed in such a way as to continue for support of the refunding bonds the identical tax liability that was provided for the service of the original bonds. A similar classification of municipal indebtedness was approved by this Court in State v. City of Clearwater, 125 Fla. 73, 169 So. 602. Equality of taxation goes only to the rate and there is no showing that this is different.

Other questions raised relate to the taxation. of homesteads contrary to Section 7, Article X, of the Constitution, the right of the City to bind itself to collect the refunding tax at the time other taxes are collected, the right of the City to accept nothing but money in payment of the taxes and the power of the City to covenant that the rights and remedies for enforcement of the refunded indebtedness will appertain to the refunding bonds and that taxes to support them regardless of limitations thereon enacted by the Legislature since the issuance of the original bonds.

These questions are answered by the following decisions of this Court: Folks v. Marion County, 121 Fla. 17, 163 So. 298; Fleming v. Turner, 122 Fla. 200, 165 So. 353; State v. City of Pensacola, 123 Fla. 331, 166 So. 851; State v. City of Clearwater, 125 Fla. 73, 169 So. 602; State v. Board of Public Instruction for Dade County, 126 Fla. 142, 170 So. 602; State v. City of Daytona Beach, 126 Fla. 728, 171 So. 814.

All questions raised have been carefully examined but found to be devoid of merit. In fact, it appears admitted by appellant that all questions raised on law and fact are settled by former adjudications of this Court.

214

Affirmed.

WHITFIELD, P. J., BUFORD, CHAPMAN and THOMAS, J. J., concur.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.