## THE BOARD OF PUBLIC INSTRUCTION FOR BREVARD COUNTY: SPECIAL TAX SCHOOL DISTRICT NO. 4, BREVARD COUNTY, FLORIDA, et al., v. JOHN L. RAYMOND.

7 So. (2nd) 99            En Banc
March 24, 1942       Rehearing Denied April 14, 1942

Noah B. Butt and W. J. Steed, for appellants.

Richard A. Lawrence, for appellee.

WHITFIELD, J.:

John L. Raymond, a resident citizen taxpayer of Special Tax School District No. 4, Brevard County, Florida, brought a suit in equity for injunction relief against the Board of Public Instruction of Brevard County, Florida, Special Tax School District No. 4, Brevard County Florida, the members and secretary of the Board. John Nuveen & Company partners were admitted as intervenors-defendants. The bill of complaint alleges in effect that refunding bonds of said Special Tax School District No. 4 were validated by decree under the former statutes and not in compliance with Section 13, Chapter 20970, Acts of 1941, which Chapter became effective June 14, 1941, and the validating decree was rendered June 18, 1941. The maturity dates of the bonds as well as other elements of the issue violate the provisions of the Act of 1941 which was in force when the validating decree was rendered. The refunding bonds so validated have not been issued.

Injunctive relief was granted and an appeal taken.

The validating suit was brought by Special Tax School District No. 4 Brevard County, Florida, and the Board of Public Instruction for Brevard County, Florida, against the State of Florida. No taxpayer intervened in the validating proceedings brought under the statute, Sections 5106 (3296) et seq., C.G.L.

Such Section 13, Chapter 20970, Acts of 1941, is as follows:

"Section 13. That Chapter 19355, Laws of Florida, Acts of 1939, be and the same is hereby amended by adding a Section to be numbered 1086.1 and which is to read as follows:

"Section 1086.1. Funding or Refunding Other Types of Indebtedness. Any proposed plan for refunding any type of outstanding and legally incurred school indebtedness not covered by Section 1086 shall be submitted to the State Superintendent for approval under regulations of the State Board. No such indebtedness may be refunded and no plan for refunding such indebtedness may be approved unless the plan provides for retiring the indebtedness in reasonably equal annual installments over the period of years covered, unless other obligations to be retired during any of these years make adjustments necessary. No idebtedness of any type may be refunded on a sinking fund basis. The County Board shall provide that all refunding warrants, notes or bonds shall be callable upon proper notice beginning not more than ten years following the date of refunding. If any indebtedness outstanding against the county or district current school funds cannot be retired over a period of ten years as prescribed in the Section 1086 or cannot be funded or refunded by issuing interest bearing coupon warrants, the State Superintendent is authorized to cooperate with the school officials of the county in developing a practicable plan for refunding such indebtedness and, when such a plan has been developed, may approve an agreement with the county school officials for refunding such indebtedness to be retired over a period of time which shall not exceed a maxi-

mum of twenty years and if necessary, for refunding the indebtedness by issuing interest bearing notes. Any funding or refunding obligations issued as prescribed herein are not and shall not be deemed to be additional bonds within the meaning of the Constitution and laws of Florida and it shall not be necessary for such obligations to be submitted to or approved by a vote of the people of the county. In preparing and carrying out such a plan for refunding the school indebtedness, the County Board and County Superintendent shall follow the procedures prescribed in Section 1086 supplemented by regulations of the State Board except for the modifications which are herein authorized."

The answer admits that the bonds do not comply with the provisions of the Act of 1941, but in effect denies that the bonds are null and void, and assert that the Act of 1941 is not applicable to the refunding bonds that had been voted by the electors, is unconstitutional and would unduly burden the refunding bonds, and render ineffectual the general refunding Act of 1931, Acts 1931, Ch. 15,772.

The Act of 1941 above quoted does apply to Special Tax School District refunding bonds validated subsequent to June 14, 1941, when the Act became effective, and such Act of 1941 is not shown to be unconstitutional or that its operations will violate any organic rights contrary to the constitution.

In the Weinberger case, 93 Fla. 470, 112 So. 253, the decree rendered in 1926 followed the validating statute of 1915 which was not in accord with Section 17, Article XII Constitution, adopted in 1924, as to the time of maturities of the bonds to be issued by a Special Tax School District. Amended Section 6 of

Article IX of the Constitution, adopted in 1930, by implication modified Section 17, Article XII, leaving the maturities of Special Tax School District refunding bonds to be controlled *by statute* and not by the Constitution. State v. Special Tax School Dist. No. 5, 107 Fla. 93, text p. 107-8, 144 So. 356; State v. Spec. Tax Sch. Dist. No. 7, Santa Rosa Co., 131 Fla. 603, 179 So. 683.

In this case the refunding Acts of 1931 were modified and superseded as to maturities of Special Tax School District refunding bonds by Section 13, Chapter 20970, Acts of 1941, so as to make the maturities and other features in the issuance of such Special Tax School District refunding bonds, subject to the Act of 1941, instead of to the general refunding Acts of 1931, or to Section 17, Article XII, of the Constitution, the Act of 1941 not being forbidden by Section 17, Article XII or other Section of the Constitution.

So in this case the later statute under amended Section 6, Article IX, of the Constitution, and not Section 17, Article XII of the Constitution controls the maturities of Special Tax School District refunding bonds and the principle announced in the Weinberger case is applicable here for the reason that as to the maturities of Special Tax School District refunding bonds the statute of 1941 is the controlling law, as much as Section 17, Article XII of the Constitution was the controlling law in the Weinberger case.

Before the *validating decree* involved in this case was rendered June 18, 1941, the Act of 1941 had become effective June 14, 1941. The prior Act did not specifically define the maturity dates and other

requirements in the issuance of Special Tax School District refunding bonds. But the Act of 1941 quoted above specifically provides that "No such indebtedness may be refunded and no plan for refunding such indebtedness may be approved unless the plan provides for retiring the indebtedness in reasonably equal annual installments over the period of years covered, unless other obligations to be retired during any of these years make adjustments necessary. No indebtedness of any type may be refunded on a sinking basis." And the bonds are to be recallable bonds.

The *validating decree* rendered after the Act of 1941 became effective validates Special Tax School District refunding bonds that are not callable, whose maturity dates do not accord with the mandatory requirements of the Act of 1941, and such refunding bonds do not appear to have been submitted to the State Superintendent for approval under regulations of the State Board as required by the Act of 1941 quoted herein. This makes the bond issue violate essential provisions of the law of 1941 which controls bond issues, and qualifies the delegated authority under which the bonds in controversy here may be issued.

The validating decree is not *res adjudicata* because the parties are not the same, the issue is not the same, different statutes are involved, and the relief sought is not the same. See Brundage v. O'Berry, 101 Fla. 320, 134 So. 520; Prall v. Prall, 58 Fla. 496, 50 So. 867, 26 L.R.A. (N.S.) 577.

Such decree would doubtless not have been rendered if the then existing controlling statute had been known by the court.

The decree enjoining the issue of the refunding bonds of Special Tax School District No. 4 of Brevard County, Florida which were validated by decree rendered June 18, 1941, and adjudging such refunding bonds to be null and void, should be affirmed.

TERRELL, CHAPMAN, and THOMAS, JJ., concur.

BROWN, C. J., BUFORD, and ADAMS, JJ., dissent.

BUFORD, J., dissenting:

I cannot concur in the opinion prepared for the Court by Mr. Justice Whitfield.

As I construe the Statute, Sec. 13 of Chapter 20970, Acts of 1941, it does not apply to refunding bonds the issue of which was authorized prior to the effective date of the Act, viz: June 14, 1941.

It appears by its terms that it can only apply to refunding issues the proceedings for which are commenced after the effective date of the Act. This is true because the Act provides "Any proposed plan for refunding type of outstanding and legally incurred school indebtedness not covered by Sec. 1086 shall be submitted to the State Superintendent for approval under regulations of the State Board." There was no statutory requirement that the plan of refunding be submitted to the State Superintendent when the plan of refunding here under consideration was adopted and promulgated by the issuing authority.

The plan and procedure adopted by the issuing authority was legal and sufficient at the time of adopting the same.

The record shows that pursuant to the plan lawfully adopted the defendant John Nuveen & Company in good faith expended large sums of money relying

upon the legality of the procedure adopted and entered into then valid contracts in regard to the purchase and sale of the said bonds. To hold the issue invalid under the terms of a subsequently enacted legislative Act would be to violate Section 1 of the Declaration of Rights in our Constitution in that it would impair the obligation of contract.

The record shows that to proceed under the lawfully adopted plan of refunding will result in a material saving to the tax payers, which will be lost if the issuing authority is bound by the provisions of Chapter 20970, supra.

I think the injunctive decree should be reversed.