**STATE OF FLORIDA v. EVERGLADES DRAINAGE DISTRICT, a Taxing District in the State of Florida, Acting by and through the Board of Commissioners of Everglades Drainage District, its governing board.**

19 So. (2nd) 472

October 20, 1944

June Term, 1944

En Banc

*Sidney J. Catts, Jr.,* for appellant.

*M. Lewis Hall* (of Miami) and *John D. McCall* and *Millard Parkhurst* (of Dallas, Texas) for appellee.

TERRELL, J.:

This appeal is from a final decree validating $4,500,000 refunding bonds of the Everglades Drainage District, dated October 1, 1944. The record discloses that on January 1, 1941, the Everglades Drainage District had outstanding indebtedness in excess of $16,000,000, that a large portion of this indebtedness was in matured bond coupons on which the District had defaulted in 1931. It is also shown that in 1941, the tax assessors in the district were by mandamus required to impose a cumulative tax levy on the lands in the district of approximately $15,000,000.

The State by the Trustees of the Internal Improvement Fund was the owner of approximately two million acres of land in the district, was without funds and found it impossible to pay its portion of the cumulative tax. Confronted with this condition the board of commissioners of Everglades Drainage District invoked the aid of Governor Holland and through his effort, with the cooperation of the bond owners, all the indebtedness of the District was vested in a bond syndicate and through said syndicate acquired by the Reconstruction Finance Corporation on the basis of 56.918.

By reason of the foregoing recitals, the district on January 1, 1931, found itself insolvent and on June 13, 1941, filed its petition in the United States District Court for the Southern District of Florida for confirmation of a plan of composition in Bankruptcy setting out in detail all outstanding legal indebtedness of the District. The plan of composition was confirmed by decree of the United States District Court March 6, 1944. It is shown that all the bonded indebtedness of the district is now held by the Reconstruction Finance Corporation and amounts to $8,600,000.

The $4,500,000 of bonds being validated in this proceeding are to be exchanged for the $8,600,000 of bonds held by the Reconstruction Finance Corporation and when the exchange is perfected, will be the only indebtedness of the District. The resolution of the Board of Commissioners of Everglades Drainage District adopted August 10, 1944, authorizing the issuance of the $4,500,000 of refunding bonds recites these facts and more. Notice of the petition to validate was served

on each of the State Attorneys in the District and published as required by law. All other proceedings in connection with the validation are found to be regular. The appeal is from the decree of validation.

The first question presented is:

"Do the provisions of Chapter 20658, Acts of 1941, which permit the levy and collection of special assessments, known as 'Debt Service Taxes,' upon lands in Everglades Drainage District without the simultaneous levy and collection of maintenance taxes upon such lands for the purpose of maintaining the works of the District, violate the due process clause of the State Constitution?"

This question is predicated on the assumption that by Chapter 20658, Acts of 1941, or otherwise, the Legislature failed to make provision for a maintenance tax to maintain the canals, drains, and other facilities of the Everglades Drainage District. It is quite true that the bonds of the District are serviced by an acreage tax but the facilities of the District are such that they would be worthless for the purpose constructed if not kept in good condition. Maintenance is accordingly a part of construction and may be done with the acreage tax. The District is empowered to pledge the acreage tax for debt service as provided by the resolution. It would be foolish to construct a canal or drain and then not keep it in repair. The obligation was to construct and maintain and the present is nothing more than an extension of the former obligation. City of Fort Myers v. State, 129 Fla. 166, 176 So. 483.

In addition to the foregoing, which we think concludes the question, there is still in force Chapter 14717, Acts of 1931, which authorizes the Board of Commissioners of the Everglades Drainage District to do such maintenance as. it may deem necessary by maintenance areas established within the District as the law directs.

The second question presented may be stated as follows:

Does the obligation imposed by Chapter 20658 upon the Trustees of the Internal Improvement Fund to pay taxes on the swamp and overflow lands granted to the State of Florida

by act of Congress constitute a debt by the State of Florida in violation of Section 6 of Article IX of the Constitution?

The lands on which the taxes are paid came to the State pursuant to the Act of Congress better known as the Swamp Land Grant Act of 1850 and were accepted by the State pursuant to Chapter 610, Acts of 1855, with the trust to drain and reclaim in such manner as in the judgment of the Trustees of the Internal Improvement Fund may be most advantageous to the Fund and the settlement and cultivation of the land. For more than thirty years, the Legislature has been attempting to carry out this trust with the proceeds of the lands and the taxes imposed on them, but at no time by obligation of the State. The Legislature has repeatedly repudiated the idea that the trust to drain and reclaim imposed any obligation on the State and we have so held. Sholtz v. Board of Commissioners Everglades Drainage District, 112 Fla. 756, 150 So. 878; Martin v. Dade Muck Land Company, 95 Fla. 530, 116 So. 449; Rorick v. Board of Commissioners of Everglades Drainage District, 57 Fed. (2nd) 1048. We think these cases conclude the question.

The third and last question argued is as follows:

Do the provisions of Chapter 20658 making the lien of acreage and ad valorem taxes levied upon lands in Everglades Drainage District equal in dignity with the lien of state and county taxes, violate Section 1, of Article IX of the Constitution?

This question was concluded by the decision of this Court in Rorick v. Reconstruction Finance Corporation, 144 Fla. 539, 198 So. 494. See also Trustees of Internal Improvement Fund v. Southwest Tampa Storm Sewer Drainage Dist., 142 Fed. (2nd) 637. We have no constitutional provisions regulating tax liens and special assessments. In an area like the Everglades, there would be but little if any basis for a state and county tax without drainage. In such a case, it would be the superlative of folly to hold that the lien for drainage assessments was not at least equal in dignity to the lien for state and county taxes.

It follows that the judgment appealed from must be and is in all respects affirmed.

Affirmed.

BUFORD, C. J., BROWN, CHAPMAN, THOMAS, ADAMS and SEBRING, JJ., concur.