CARLTON, Justice.
The State has directly appealed from a final judgment of the Circuit Court, Volusia County, validating a $3,000,000.00 bond issue sponsored by appellee Hospital District. Article V, Section 4(2), Florida Constitution, F.S.A., vests this Court with jurisdiction. Oral argument was not requested. We affirm the validation.
In their briefs, the litigants have concentrated upon the following issue: Whether it was error for the Circuit Court to validate a bond issue which carried a higher rate of interest than was possible at the time of the freeholder’s election.
In September, 1968, the Board of Commissioners of the Southeast Volusia Hospital District, by resolution, requested the Board of County Commissioners of Volusia County to call a freeholder election for the purpose of authorizing an issue of Hospital District bonds not to exceed $3,000,000.00. Notices of the election were timely published. The notices contained a statement that the bonds were to bear interest, “[A]t such rate or rates not exceeding the legal rate as shall be determined at the time of the sale thereof ‡ ‡ ff
When the issue came before the electorate, the proposition on the ballot was stated, in part, as follows:
“Shall the Southeast Volusia Hospital District, Volusia County, Florida, issue hospital bonds in the aggregate amount of not exceeding $3,000,000 bearing interest, payable semi-annually, at such rate or rates, not exceeding the legal rate, as shall be determined at the time of the sale thereof * *
The purpose of the bond issue was to provide for the financing of part of the cost of acquiring, constructing, furnishing and equipping extensions and additions to the hospital facilities of the District. Of the 5,130 persons voting on the issue, 3,264 were in favor and 1,866 were opposed. Following voter approval, Circuit Court, Volusia County, validated the issue.
Subsequent events proved that the District was unable to sell the bonds at what was then the maximum legal rate of interest: six per cent (6%) per annum. But then in December, 1969, the Legislature, in Extraordinary Session, enacted Chapter 69-1739 which provided for a new legal maximum interest rate for bonds: seven and one-half per cent (7Yi%) per annum. Thereafter, on December 30, 1969, the Board of the Hospital District amended its initial bond issue resolution so as to provide that the bonds in question would, “[Bjear interest at such rate or rates not exceeding seven and one-half per cent (7)4%) per annum as shall be determined upon the sale of said bonds.” Since the final judgment of validation initially entered by Circuit Court limited the rate of interest to the old six per cent (6%) per annum ceiling, a new proceeding was filed which ultimately resulted in the Circuit Court’s validation of the bonds under the new maximum interest ceiling. This is the validation which has been appealed here.
Appellant takes the position that the Hospital District Bond contemplated six per cent as the maximum rate of interest for the proposed bonds when it applied for the election; that this intention was reflected in the election notices which referred to rates of interest “not exceeding the legal rate”; and that the ballot proposition also reflected this intention since it referred to rates “not to exceed the legal rate.” Once the proposition was approved, *104 the maximum interest rate became frozen at six per cent. Appellant asserts that the Board was powerless to go beyond this rate unless it again submitted the proposition to the electorate.
We cannot agree. The Board’s initial resolution did state that the bonds were to bear a maximum interest rate of six per cent. However, the election notices and the proposition as it appeared on the ballot clearly stated that the proposed bonds were to bear interest rates “at such rate or rates not exceeding the legal rate as shall be determined at the time of the sale.” No specific rates were mentioned in either the notices or the proposition on the ballot. There is no evidence that the Board intended to use six per cent in its initial resolution for any purpose other than to indicate what was then the maximum rate of interest allowed by law.
Since the bonds remained unsold after their initial validation, they remained subject to a change in the maximum interest rate until the time when they were sold. We believe that Chapter 69-1739 provided the Hospital District Board with an opportunity for increasing the interest ceiling on the bonds without recourse to another election since the electorate had already approved whatever rates might be legal at time of sale. See, State v. City of Miami, 41 So.2d 888 (Fla.1949); cf. State v. City of Auburndale, 144 Fla. 210, 197 So. 739 (1940); State ex rel. Women’s Catholic Order of Foresters v. Fort Myers, 143 Fla. 304, 196 So. 705 (1940).
The proceedings below were without error and the bonds were properly validated. The decree appealed from is affirmed.
It is so ordered.
ERVIN, C. J., and ROBERTS, ADKINS and BOYD, JJ., concur.