STATE v. CITY OF MELBOURNE.

185 So. 850.
Division A.
Opinion Filed January 20, 1939.

*Murray W. Overstreet,* State Attorney, or Appellant; *W. G. Vaughn,* for Appellee.

PER CURIAM.—By resolution, the governing authority of the City of Melbourne authorized the issuance of refunding

bonds and validation proceedings were instituted in connection with the contemplated refunding bonds by petition being filed pursuant to the provisions of Chapter 6868, Laws of Florida, 1915, and Chapter 11854, Acts of 1927.

Order to show cause was issued in conformity with the statute directed to the States Attorney of the Judicial Circuit in which the City of Melbourne is situated and statutory notice to taxpayers and citizens and to all others concerned was published.

The States Attorney acknowledged service of order to show cause.

The State, through the States Attorney, filed answer to the petition requiring strict proof of the matters set forth in the petition and alleging the invalidity of the proposed refunding bonds, all of which objections so raised were considered by the Circuit Court on final hearing.

There was no intervention by taxpayers or others.

A hearing on the petition and answer was had and, following the hearing, the Circuit Court entered its final decree, as follows:

" * * * the Court having determined all the questions of law and of fact in the cause, and being fully advised in the premises, finds the facts as follows:

"A.   That a copy of the petition in this cause and of the order issued by this Court on the 21st day of September 1938, against the State of Florida, requiring it, through the State Attorney of the Ninth Judicial Circuit of Florida, to show cause before this Court at the Court House in Titusville, Florida, on the 15th day of October A. D. 1938 at 11 o'clock A. M. why said bonds should not be validated and confirmed by decree of this Court as prayed in said petition, were duly served upon the said State Attorney, on the 21st day of September A. D. 1938, said date being at least

eighteen days before the date of hearing fixed in and by said order.

"B. That after the filing of the petition and the issuance of said order the Clerk of this Court cause to be published in The Melbourne Times, a newspaper published in the City of Melbourne, Brevard County, Florida, in the issues of said newspaper published respectively on September 23, September 30, and October 7, 1938, a notice addressed to the taxpayers and citizens of said City of Melbourne re- quiring them at the time and place specified in said order for the hearing of this cause to show cause if any they had, why said bonds should not be validated and confirmed, and that said notice was published once each week for at least three weeks before said hearing, the first publication thereof being at least eighteen days before said hearing.

"C. That the State of Florida, through its State Attor- ney for the Ninth Judicial Circuit of said State, has filed its answer to said petition, presenting objections of law and of fact to the validation of said Refunding Bonds.

"D. That no citizen or taxpayer of the said City of Melbourne and no other person, firm or corporation, except the State of Florida, has attempted to show any cause why said Refunding Bonds should not be validated and con- firmed by decree of this court.

"E. That the statements of fact set forth in the petition herein are true.

"F. That all proceedings required by the laws of the State of Florida with respect to the authorization and is- suance of the outstanding bonded indebtedness proposed to be refunded and described in the petition in this cause, were taken by the governing body of said City of Mel- bourne, and that all of said evidence of indebtedness were issued and outstanding prior to November 6, 1934, and are

now outstanding and in the hands of *bona fide* holders for value.

"G. That homesteads, as defined in Article X of the constitution of Florida, constitute a substantial part of the property values in said City.

"H. That the bond issues of said City of Melbourne, Florida, designated Street Paving Bonds, issue of 1922, dated September 1, 1922, and Improvement Bonds, Issue of 1924, dated July 1, 1924, the unpaid portions of which together with accrued and unpaid interest thereon to January 1, 1938, are proposed to be refunded by City of Melbourne, Florida, Refunding Bonds, Issue of 1938, dated January 1, 1938, and the ordinances of the said City authorizing the issuance of said Street Paving Bonds of 1922, and Improvement Bonds of 1924, were validated by Chapter 13092, Laws of Florida, Special Acts of 1927, approved May 23, 1927, and the bond issues of said City described in the schedule hereinbelow set forth, the unpaid portions of which, together with accrued and unpaid interest thereon to January 1, 1938, are proposed to be refunded by City of Melbourne, Florida, Refunding Bonds issue of 1938, dated January 1, 1938, were duly validated and confirmed by final decree of the Circuit Court in and for Brevard County, Florida, entered respectively on the dates stated below:

| Date of Issue | Designation | Date of Validating decree |
|---|---|---|
| Jan. 1, 1914 | Public Improvmt. Bonds Issue of 1914 | Mar. 24, 1914 |
| Dec. 20, 1925 | Municipal Imprvt. Bonds Issue of 1925 | June 28, 1926 |
| Oct. 15, 1926 | Street Improvmt. Bonds | Sept. 21, 1926 |
| June 1, 1927 | Street Improvmt. Bonds | June 6, 1927 |

| Date of Issue | Designation | Date of Validating decree |
|---|---|---|
| Sept. 1, 1927 | Street Improvmt. Bonds | Aug. 25, 1927 |
| Aug. 1, 1928 | Refunding Bonds, Issue of 1928 | Aug. 16, 1928 |
| Aug. 1, 1928 | Refunding Bonds, Issue of 1929 | Aug. 2, 1929 |
| Aug. 1, 1930 | Refunding Bonds, Issue of 1930 | July 2, 1930 |
| Sept. 1, 1922 | Street Paving Bonds, Issue of 1922 | Oct. 24, 1922 |
| July 1, 1924 | Improvement Bonds, Issue of 1924 | July 24, 1924 |
| Sept. 1, 1927 | Municipal Improvmt. Bonds Issue of 1927 | Aug. 25, 1927 |

"I. That the Charter of the City of Melbourne in force at the time of the issuance of the bonds proposed to be refunded was Chapter 9021, Special Acts of 1921, Section 86 of which Act required the question of issuing bonds to be ratified by a majority vote of the qualified electors of the city who were owners of real estate within said city at a special election called and held for that purpose, and further provided that upon the issuance of such bonds the City Council was authorized and required to levy a special tax not to exceed ten mills on the dollar of the assessed valuation of the real and personal property of the city for the purpose of paving interest on said bonds and a special tax not to exceed five mills as a sinking fund for the redemption of the principal of the bonds.

"J. That all of the outstanding bonds proposed to be refunded were issued under the authority of general or

special acts which expressly authorized the levy of taxes to pay the principal thereof and the interest thereon without limitation of rate or amount, except the outstanding bonds of the following issues: Street Paving Bonds, Issue of 1922, dated September 1, 1922; Improvement Bonds Issue of 1924, dated July 1, 1924; Municipal Improvement Bonds, Issue of 1925, dated December 20, 1925; and Municipal Improvement Bonds Issue of 1927 dated September 1, 1927, the bonds of which four issues recite Chapter 9021 of the Special Acts of 1921 as the statutory authority for their issuance.

"K. That while the Municipal Improvement Bonds, Issue of 1925, dated December 20, 1925, recite that they were issued pursuant to Chapter 9021 of the Special Acts of 1921 and amendments thereof, it appears from the ordinances and other proceedings relating to the authorization and issuance of said bonds that they were issued under the authority of Chapter 10,869 Special Acts of 1925, and that said Act authorizes the levy of such taxes as in the judgment of the City Council may be necessary to pay the principal and interest of the bonds.

"L. That the ordinance authorizing the sale of the Street Paving Bonds, dated September 1, 1922, fixing their form, maturities and other details, provided for the levy of an annual tax of a specified sum equal to the amount of the principal of the bonds falling due in each year for a sinking fund to pay the principal, and a specified sum equal to the amount of interest falling due in each year to pay said interest. Said ordinance was expressly validated by Chapter 13,092, Special Acts of 1927.

"M. That the ordinance authorizing the sale of the Improvement Bonds, dated July 1, 1924, and fixing the form, maturities and other details of the issue, provided for the levy of a tax in each and every year while the bonds should

be outstanding to provide sufficient funds for the purpose of paying the interest upon all of the outstanding bonds and for a sinking fund to pay the principal of said bonds at maturity. Said ordinance was expressly validated by Chapter 13,092, Special Acts of 1927.

"N. That the outstanding Street Paving Bonds, dated September 1, 1922, the Improvement Bonds, dated July 1, 1924, and the Municipal Improvement Bonds dated September 1, 1927, proposed to be refunded were approved by a majority vote of the qualified electors of the city who were owners of real estate within the City, at special elections called and held for that purpose as required by Section 86 of Chapter 9021, Special Acts of 1921, and the bonds of each of said issues pledged the faith and credit of the City for their payment.

"O. That Section 86 of Chapter 9021, Special Acts of 1921, was amended by Chapter 15,333, Special Acts of 1931, so as to authorize and require the City of Melbourne, upon the issuance of bonds approved at an election as provided by that section, to levy a special tax upon all taxable property within the City for the purpose of paying interest on said bonds, and a special tax upon all taxable property as a sinking fund for the redemption of the principal of the bonds.

"P. The General Refunding Act of 1931, Chapter 15,-772, General Laws of 1931, under which the refunding bonds sought to be validated are proposed to be issued, expressly required municipalities issuing refunding bonds pursuant to its provisions to levy, assess and collect such as shall be sufficient to pay the principal and interest of the refunding bonds as they become due, and that no other section of said Act, or any other law, shall be construed to limit or restrict the powers or obligations of the municipality thereunder.

"As Conclusions of Law from the Foregoing Facts, the Court Finds:

"1. That this Court has jurisdiction of the subject matter of this cause and of the parties hereto, including all of the citizens and taxpayers of the said City of Melbourne, Florida.

· "2. That all of the outstanding indebtedness described in the petition herein and authorized to be refunded by the resolution duly adopted by the City Commission of the said City of Melbourne, Florida, on September 19, 1938, duly authenticated copy of which said resolution is attached to and made a part of the petition herein, constitutes valid subsisting bonded indebtedness of said City, and for the payment thereof said City of Melbourne is obligated to levy taxes without limitation of rate or amount upon all property within the territorial limits of said City as it existed at the time of issuance of said respective issues of bonds, excepting only such property as was exempt from taxation under the laws and Constitution of Florida which were in force and effect at the time of the creation of the said indebtedness.

"3. That under the Constitution and statutes in force at the time of the issuance of the bonded indebtedness proposed to be refunded, homesteads were subject to taxation, without distinction as to rate, for the payment of the principal and interest of said bonded indebtedness, and taxes levied for such purposes were required to be collected and paid in cash at the same time and in the same manner as taxes levied for governmental and operating expenses, and such requirements pertain to the character and extent of the legal obligation of the bonds and constitute a material part of the contract with the bondholders.

"4. That the General Refunding Act of 1931, being Chapter 15,772, Laws of Florida, 1931, and Section 6 of

Article IX of the Constitution of Florida, as amended in 1930, fully authorizes the issuance of said refunding bonds without an election, and their issuance has been duly provided for by the resolution properly adopted by the City Commission of the City of Melbourne, Florida, on September 19, 1938.

"5. That the Refunding Bonds described in the petition herein and sought to be validated in this cause will, when issued in the manner provided in the resolution authorizing their issuance, evidence merely an extension or renewal in a new form of the original outstanding bonded indebtedness to be refunded, which original indebtedness will not be extinguished by, but will be merged in, the Refunding Bonds with like force and effect as to obligation as if the original bonded indebtedness had remained unrefunded by the issuance of such Refunding Bonds.

"6. That the agreements and covenants contained in the Refunding Bonds and in the resolution adopted by the City Commission of said City of Melbourne, Florida, copy of which said resolution is annexed to the petition and marked Exhibit A, to the effect that, for the payment of said, Refunding Bonds and interest thereon the full faith, credit and taxing power of said City are pledged to the same extent and with like force and effect as the same were pledged for the payment of the indebtedness to be refunded, and that all rights and remedies for the enforcement of the indebtedness to be refunded by said Refunding Bonds will appertain to said Refunding Bonds, notwithstanding any restrictions and limitations thereon enacted by the Legislature of the State of Florida since the incurring of the indebtedness to be refunded thereby, are valid and binding upon said City, and are sufficiently referred to in said Refunding Bonds.

"7. That the Refunding Bonds, when duly exchanged

for the outstanding indebtedness described in the petition and in the resolution attached thereto as Exhibit A, will constitute a valid continuation and extension of the obligations of the bonded indebterness so refunded, and that, notwithstanding the provisions of Section 7, Article X of the Constitution of the State of Florida and Chapter 17,060, Laws of Florida, 1935, the said City of Melbourne, Florida, will be obligated to levy taxes, for the payment of said Refunding Bonds and interest thereon, upon all property subject to taxation for the payment of said outstanding bonded indebtedness to be refunded, excepting only such property as was exempt from taxation under the laws and Constitution of Florida which were in force and effect at the time of the issuance of the original bonds; and that said Refunding Bonds will not be subject to any other legislation enacted by the Legislature of the State of Florida impairing or modifying the obligations of said City of Melbourne, on the Refunding Bonds or the covenants and agreements contained in said resolution providing for the issuance of the same, and that each and every of the covenants and agreements contained in said resolution and in said Refunding Bonds is valid and binding upon said City.

"8. That the taxes to pay the principal of and the interest on said Refunding Bonds are required to be levied, assessed and collected at the same time and in the same manner as taxes are levied, assessed and collected for the current operating and governmental expenses of said City of Melbourne, Florida, and that such taxes, when levied, will be collectible and payable in cash only and may not lawfully be paid in bonds or interest coupons.

"9. That said refunding bonds authorized by the resolution annexed to the petition as Exhibit A have been properly authorized and will constitute negotiable instruments, and that all matters, things, proceedings and conditions

necessary to happen, be done, exist, and be performed precedent to and in the issuance of said Refunding Bonds have happened, been done, exist and have been performed in due time, form and manner according to law, and that no cause has been shown why said Refunding Bonds should not be validated and confirmed.

"It Is, Therefore, Ordered, Adjudged and Decreed that the said Refunding Bonds, be and the same are hereby validated and confirmed, said bonds being more particularly described as follows:

$874,000.00 City of Melbourne, Florida, Refunding Bonds, Issue of 1938, dated January 1, 1938, and maturing January 1, 1968, but subject to the right of redemption upon any interest payment date prior to maturity, in the manner provided therein; said issue of Refunding Bonds being subdivided into four (4) series, the series designations, numbers, denominations, and amounts thereof being as follows:

| Series Designation | Bond Numbers (Inclusive) | Denomination | Amount |
|---|---|---|---|
| A | 1 to 14 | $ 500.00 | $ 7,000.00 |
| | 15 to 294 | 1000.00 | 280,000.00 |
| AA | 295 to 394 | 1000.00 | 100,000.00 |
| B | 395 to 791 | 1000.00 | 397,000.00 |
| BB | 792 to 881 | 1000.00 | 90,000.00 |
| Total | | | $874,000.00 |

"Said Refunding Bonds bear interest from date thereof until paid or until called for redemption, payable semi-annually on January 1 and July 1, which interest, subject to the reversionary provisions as set forth in said bonds and in the resolution authorizing their issuance, is enforceable and collectible in accordance with the following terms:

"Said Series A and Series B Refunding Bonds bear interest at the rate of two per cent (2%) per annum from the date of the bonds to January 1, 1939; at the rate of three per cent (3%) per annum from and including January 1, 1939, to January 1, 1944; at the rate of three and one-half per cent (3½%) per annum from and including January 1, 1944, to January 1, 1949; at the rate of four per cent (4%) per annum from and including January 1, 1949 to January 1, 1954; at the rate of four and one-half per cent (4½%) per annum from and including January 1, 1954, to January 1, 1959; and at the rate of five per cent (5%) per annum from and including January 1, and thereafter.

"Said Series AA and Series BB Refunding Bonds bears interest at the rate of two per cent (2%) per annum from the date of the bonds to January 1, 1944; at the rate of two and one-half per cent (2½%) per annum from and including January 1, 1944, to January 1, 1949; at the rate of three per cent (3%) per annum from and including January 1, 1949, to January 1, 1954; at the rate of three and one-half per cent (3½%) per annum and including January 1, 1954 to January 1, 1959; and at the rate of four per cent (4%) per annum from and including January 1, 1959, and thereafter.

"Both principal and interest of all of said bonds are payable in lawful money of the United States of America, at the Central Hanover Bank & Trust Company, in the City of New York, New York."

From this decree, appeal was taken.

It appears that the Circuit Court has made findings of facts and applied the controlling statutes to those facts and that the decree is without error.

All questions presented have been heretofore discussed

in the opinions of this Court and it could serve no useful purpose to reiterate here the enunciations of principles of law heretofore often stated by this Court.

The record discloses no reversible error and the decree should be, and is, affirmed.

: So ordered.

Affirmed.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.