STATE v. CITY OF HAINES CITY.

188 So. 831.
Division A.
Opinion Filed May 16, 1939.

*L. Grady Burton,* for Appellant;

*W. Wallace Shafer,* for Appellee.

BUFORD, J.—The appeal brings for review decree of Circuit Court validating refunding bonds.

Appellant presents six questions for our consideration as follows:

"QUESTION No. 1: Are the bonds of the City of Haines City known as 'Town of Haines City Seven Per Cent Street Paving Bonds' dated July 1, 1920, refundable into unlimited tax bonds?"

"QUESTION No. 2: Are the reversionary clauses in the proposed refunding bonds to refund the bonds of the City of Haines City known as 'Town of Haines City Seven Per Cent Street Paving Bonds' dated July 1, 1920, valid in that if such reversion takes place the rate of interest will be seven per cent per annum when the present City Charter and the General Refunding Acts of 1931 both limit the interest rate to 6% per annum?

"QUESTION No. 3: Are the bonds of the City of Haines City known as 'Town of Haines City Six Per Cent Water Works Bonds' 'Town of Haines City Six Per Cent Sewerage Bonds' and 'Town of Haines City Six Per Cent Fire Department Bonds' dated April 1, 1922, refundable into unlimited tax bonds?"

"QUESTION No. 4: Are the bonds of the City of Haines City known as 'City of Haines City Refunding Bonds,' dated June 1, 1930, refundable by the proposed refunding bonds sought to be validated by these proceedings?"

"QUESTION No. 5: Does a provision in refunding bonds of the City of Haines City for an increase in interest upon the happening of certain contingencies render such bonds non-negotiable as not being a promise to pay a sum certain?"

"QUESTION No. 6: To what extent will homestead property in the City of Haines City be liable for an ad valorem tax to support the contemplated refunding bonds?"

If the original issue of "Town of Haines City Seven Per Cent Street Paving Bonds" constituted a valid unlim-

ited tax issue, then the refunding bonds may likewise be secured by unlimited tax as the refunding bonds are but an extension of the original obligation. Bay County v. State, 116 Fla. 656, 157 So. 1; State v. Pensacola, 123 Fla. 331, 155 Sou. 851; State v. St. Petersburg, 127 Fla. 509, 173 Sou. 437.

It is true that Section 31 of Chapter 8272, Special Acts of 1919, provided:

"Sec. 31. The Town of Haines City shall have the power to levy on real and personal property within the Town taxes at a rate not to exceed twenty (20) mills on the dollar for the purpose of carrying on the government of the Town; and in addition thereto shall have the power to levy such tax as may be necessary to pay the interest on such bonds as the town may from time to time issue in accordance with this Act, and to provide a sinking fund for the redemption of said bonds when the same may mature; provided, the levy for such latter purpose shall not exceed ten (10) mills on the dollar. The Town Council shall have the power to levy a further special tax upon the taxable property within the town not to exceed ten (10) mills on the dollar, for the exclusive purpose of opening, widening, paving and improving the streets of the town, and for the purpose of paying, for property taken under condemnation proceedings."

But the Town Council, in adopting Resolution authorizing the issuance of the involved original bonds, provided:

"It is further ordained by the Town Council of Town of Haines City that there is hereby levied annually until the principal and interest of said bonds shall be fully paid upon all the taxable property within the Town of Haines City, County of Polk and State of Florida, an amount sufficient to meet the accruing interest on said bonds and to

provide a sinking fund that at maturity of said bonds shall be ·sufficient to pay the principal sum and interest on said bonds."

The freeholders, by major.ty vote, approved the issuance of the bonds and the Circuit Court, by apt decree, validated the issue. Then the Legislature, by Chapter 8963, Special Acts of 1921, provided:

"Section 1. That the ordinances passed by the Town Council of the Town of Haines City, Polk County, Florida, on the 15th day of June, 1920, and approved by the Mayor of said Town on the same date, providing for and authorizing the Town Council of the Town of Haines City to borrow the sum of Sixty Thousand Dollars for the purpose of paving and otherwise improving the streets of the Town of Haines City, to provide for an election to authorize the issuance of the bonds of said town in the said sum of Sixty Thousand Dollars, to secure said loan and to provide for the election of three members of the Board of Public Works, the notice of said election, the appointment of inspectors and clerks, the canvass of the votes, the canvass of the returns, and the orders and resolutions thereon, and each and every step taken in the said proceedings calling said election held on the 20th day of July, 1920, in the said Town of Haines City in pursuance of said ordinances proposing said bond issue and authorizing said election heretofore mentioned, and every act of the said inspectors, clerk, Town Council and Mayor relative thereto, and all such actions and proceedings on the part of the Bond Trustees elected at said Bond election with respect to the issuance and sale of said bonds, be and the same are hereby legalized and declared to be valid and binding in every respect, and all irregular.ties in said proceedings for the calling and holding of said

election, and every act of the said inspectors, clerk, Town Council and the Mayor relative thereto are hereby legalized and declared to be valid in every respect, and the result of said election as declared by the said inspectors and by the Town Council are hereby legalized and confirmed, including the election of the Board of Public Works.

"Sec. 2. That the said bonds of the said Town of Haines City made, executed and delivered in pursuance of said election, same being sixty (60) in number, of the denomination of One Thousand ($1,000.00) Dollars each, bearing interest at seven (7%) per cent, payable semi-annually, and due in series of three each year, beginning with July 1st, 1924, and ending July 1st, 1943, are hereby declared to be valid in manner form and effect as made, executed and delivered, and shall be binding and shall have full force, virtue and effect in law and in equity against said town and against all property, both real and personal, situate in said Town of Haines City, and against the entire taxable property situate in the said Town of Haines City, Florida."

And the Legislature of 1923, by Chapter 9769, provided:

"Section 1. That Section two of Chapter 8962 of the Laws of Florida being a portion of the Charter of the Town of Haines City, be amended to read as follows:

"Sec. 2. Taxation; Levying of General and Special Taxes.—The Town Council of Haines City shall have the right to raise for general purposes, by taxation, such amount as may be necessary for carrying on the government of the town, not to exceed fifteen mills on the dollar of the assessed valuation of said town; and shall have the the right to levy such additional taxes as may be necessary to pay the interest on all bonds heretofore issued, as well

as any bonds hereafter to be issued by the town, and to provide a sinking fund for the payment of the principal of such bonds; and to levy such additional taxes not to exceed ten mills on the dollar of assessed valuation to provide for the lighting of the town, the maintenance and extension of waterworks and sewerage system, the establishment and maintenance of a fire department, the purchase and maintenance of public parks and libraries, or for any other municipal purpose."

So the Legislature definitely validated and confirmed the result of the bond election and the bonds as binding obl.- gations of the municipality.

The difference between the factual conditions in this case and those apparent in the case of City of Fort Myers v. State, 129 Fla. 166, 176 Sou. 483, is readily apparent. Here the legislative Acts validated and confirmed what had been done by the Town Council and the freeholders in issuing the particular bonds all of which it could have authorized to be done in the beginning.

This was, and is, within the legislative power.

Dover Drainage District v. Pancoast, 102 Fla. 267, 135 Sou. 158; Charlotte Harbor, etc., Rwy. Co. v. Wells, 79 Fla. 227, 82 Sou. 770; State v. City of Melbourne, 133 Fla. 119, 185 Sou. 850.

This answers the first and third questions.

Appellant admits that the second and fifth questions are resolved contrary to its contention by our opinion and judgment in the case of State v. Special Road and Bridge District No. 4 of DeSoto County, 133 Fla. 119, 182 Sou. 583, and Bay County v. State, *ex rel., supra.*

The fourth question relates to bonds outstanding of a refunding issue of June 1st, 1930. At that time a $100,000.00 refunding issue was authorized and validated.

The validity of the authorization, or of the validation, is not challenged but it is contended that because only $41,-000.00 of the authorized issue was actually issued and exchanged for original bonds and that of this amount three per cent of the $41,000.00 exchanged did not mature during the years 1936-1939 inclusive, such eventuality invalidated the then refunding issue so that the bonds of that issue now outstanding may not be refunded.

The appellant cites no authority to support the contention and we do not think it is supported by argument or reason.

The issuing authority, in the natural course of events, could not know whether or not the $100,000.00 issue would be exchanged for the original bonds which that issue was to refund and, therefore, the issuing authority should have, acted, and did act, on the assumption that the entire issue would be exchanged and that all those holding original bonds would be treated as near as possible alike in the making of such changes. The refunding bonds were available for all of those who would exchange the original bonds for them and appellant admits that had all the bonds been exchanged the issue would have been promulgated in all respects complying with the statutes.

The sixth question has been so often answered by this Court that it would appear to be unnecessary for us to again speak on that subject. In fact, appellant cites two cases directly in point contrary to its contention. State v. City of St. Petersburg, *supra;* City of Fort Myers v. State, *supra,* and State v. City of Sanford, 128 Fla. 171, 174 Sou. 339.

So the decree should be and is affirmed.

So ordered.

TERRELL, C. J., and THOMAS, J., conucr.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.