TERRELL, Justice.
This suit was instituted by appellees against appellants as defendants for declaratory decree to construe Chapter 28379, Acts of 1953. The complaint points out that North St. Lucie River Drainage District was organized in 1917 by decree of the Circuit Court as provided by Chapter 6458, Acts of 1913, now F.S. Chapter 298, F.S.A., that over the years its area has been re *236 duced to approximately 62,500 acres, that the history of drainage tax collections has followed closely that.pattern of state and county collections in St. Lucie County and that as a result of foreclosures on drainage tax liens the district at .one time owned between 40,000 and 50,000 acres of land in the District.
Said lands were resold from time to time and in the main are the lands which Chapter 28379 was designed to relieve. From recitals of the act it appears that some of these lands are of great value for agricultural'and horticultural purposes and receive the maximum benefits from drainage while other of said lands are of low value, useful for grazing purposes only and receive very little benefit from drainage. The inequity of this situation is emphasized by the fact that there is at present a slump in the cattle business. The act also points out that unless the District is empowered to classify said lands for the purpose of reducing the tax and establishing a more equitable rate between the more and less valuable lands, the district will again own a very large for doing this that have been often approved, that is to say, by notice and hearing, in the manner provided by F. S. Chapter 298, F.S.A. percentage of them. The act defines means
It further appears that Chapter 28379 was modeled on Chapter 23942, Acts of 1947, relating to Baldwin Drainage District, the pertinent parts of which were upheld by the. Circuit Court of Duval County in State ex rel. A. D. Co. v. Baldwin Drainage District. See also Baldwin Drainage District v. Brown, 5 Cir. 165 F.2d 260. The State Attorney, the .individual and class defendants filed an amended answer 'n which they challenged the constitutional validity of Chapter 28379, and prayed that plaintiffs be permanently enjoined from taking any action under the said act. There was an answer to the prayer for injunction admitting that plaintiffs were proceeding under the law but denied that any harm would result to the land owners in doing so. Motion for summary judgment on the part of the plaintiffs was granted and final decree was entered as prayed for. This appeal is from the final decree.
It is first contended that the provisions of Chapter 28379, Acts of 1953, relating to classification and grouping of marginal lands and the imposition oí a different or reduced maintenance tax thereon from that imposed on other lands of the District is violative of Section one, Article IX of the State Constitution, F.S.A., providing for a'uniform and equal rate of taxation.
The answer to this question is concluded against the contention of appellant by Lainhart v. Catts, 73 Fla. 735, 75 So. 47 and Bannermah v. Catts, 80 Fla. 170, 85 So. 336, wherein the identical question was adjudicated by this Court. See also Howarth v. City of DeLand, 117 Fla. 692, 158 So. 294; Edwards v. Ocala, 58 Fla. 217, 50 So. 421; Anderson v. Ocala, 67 Fla. 204, 64 So. 775, 52 L.R.A.,N.S., 287; State v. City of St. Petersburg, 127 Fla. 509, 173 So. 434 and State v. City of Clearwater, 125 Fla. 73, 169 So. 602.
The second question may be stated as follows: Do the provisions of Chapter 28379, providing tax relief to marginal lands but leaving the original rates of máintenance taxes on other lands in the District constitute such an unfair discrimination as to render said act unconstitutional and void.
The lower court answered this question in the negative on the theory that the ‘‘uniform and equal rate of taxation” provided by Section one, Article IX of the State Constitution, F.S.A., does not apply to special assessments but applies only to ad valorem taxes, citing same cases as were relied on in answer to question one. The chancellor’s answer is abundantly supported by the recitals and findings of fact set up in the act, account of which none of its provisions violate either the property rights or the due process clauses of the State or Federal Constitutions.
*237 As to the third, fourth, fifth and sixth' questions, the chancellor found that they were either a restatement of or were embraced in the second question. All of these questions except the sixth the chancellor answered in the negative on the same theory and for same reasons he disposed of the second question. As to the sixth question the chancellor found that any owner of lands who contends that the original assessments are no longer applicable to his lands because of changes in use or value; is entitled to establish his right to have his lands reclassified as provided by the Act. No such application was shown to have been made so the question was correctly answered in the affirmative.
On careful examination of each and every question presented we feel impelled to affirm the decree of the chancellor. We find no constitutional objection to the act, the appellants have revealed none, neither have they overcome the presump.tion that the legislative recitals and findings in the act are presumptively correct.
■ The judgment appealed from is in all respects affirmed.
Affirmed.
ROBERTS, C. J., THOMAS, HOB-SON, MATHEWS and DREW, JJ., and EATON, Associate Justice, concur.