PER CURIAM.
We have for review by direct appeal a decree of the circuit court validating a proposed issue of revenue certificates by ap-pellee board in the amount of $2,500,000 for *880 the construction and improving of school buildings. Appellants, who were taxpayer intervenors below, raise these issues on appeal: (1) That certain statutes underlying the issue of certificates are unconstitutional; (2) that the issue of the certificates represents an abuse of discretion on the part of the respondent board; and (3) that the respondent board failed to comply with the requirements of the statute authorizing it to pledge certain race track funds allocated to it by law. We find all of these contentions to be without merit.
The statutes involved in the first question are chapter 65-980, providing that the first $230,000 of race track revenues accruing to Gulf County is to be allocated to appellee school board, and Chapter 65-1585, which purports to authorize this issuance of revenue certificates and the pledge of the above race track revenues to the payment thereof. More specifically, the allegation is that both the titles and the published notices of intent to enact these acts were deficient under Article III, Section 16 and Article III, Section 21, respectively, in that they failed to mention Jai Alai funds although such funds were included in the subject matter of both acts. As we have repeatedly said, the purpose of both of these constitutional requirements is to assure that proper notice will be given of the subject matter of proposed legislation. King Kole, Inc. v. Bryant, Fla.1965, 178 So.2d 2; State ex rel. Watson v. City of Miami, 1943, 153 Fla. 653, 15 So.2d 481. Therefore, the measure of the violation of these constitutional requirements must be whether such published notice or title, as the case may be, confuses as to the subject matter of the proposed legislation. We believe that the generic term “race track funds” has acquired such wide-spread popular understanding as to preclude any real possibility of confusion as to the subject matter of either of these acts.
As to appellants’ second question, we can only say that we see no merit in the contention that appellee has abused its authority. There is no reason to doubt that Chapter 65-1585 fully authorizes both the amount and the purpose of this issue of revenue certificates.
Turning now to the final question listed, it appears that Chapter 65-1585 in terms authorized the appellee board to pledge the first $115,000 of the race track funds allocated to it by Chapter 65-980 and also so much of the second $115,000 so allocated “as may be made available by the acquisition of additional funds from other sources to replace such race track funds presently being used for current operating expenses.” The statute then continues:
“The board may pledge all or any part of the second $115,000.00 of race track funds upon a resolution adopted by said board that other funds have been received, or anticipated, to replace said race track funds being used for operational purposes.”
At the threshold of this issue we are confronted by a question that was apparently not urged by the appellant: Whether the resolution adopted by appellee board satisfied the statutory prescription of a resolution “that other funds have been received, or anticipated, to replace said race track funds. * * * ” The resolution read, in pertinent part:
“2. That said Board declares that it will budget each year while such certificates of indebtedness are outstanding, funds from sources other than ad valorem taxes as will replace the second $115,000 of Race Track Funds which this Board proposes to pledge toward the payment of the cost of said projects.”
 We are inclined to agree with the chancellor that the statute authorized the board to covenant that it will replace the race track funds presently devoted to operational expense and that the resolution constitutes such a covenant. After all, a *881 promise to budget certain amounts is tantamount to a statement that those amounts are “anticipated.”
However, the appellants urge a different ground upon us for holding that ap-pellee board failed to comply with the statutory requirement. They bottom their argument on the ground of fiscal infeasibility and argue that there is no visible source from which the appellee board can actually replace race track funds presently devoted to operational expense.
As we read the statutory language, it does not leave the appellee’s resolution open to this line of attack. Had the statute stopped with the provision that the second $115,000 could be pledged only to the extent that it was replaced from other sources, it would have made the actual availability of the replacement funds a matter for judicial inquiry. However, if the passage already quoted, to the effect that the board could pledge the second $115,000 on adoption of a resolution that such funds were anticipated, is to be accorded any meaning and effect, it must be to remove this question from judicial inquiry.
If this line of the appellants’ argument is intended to cast doubt generally on the fiscal feasibility of the transaction under review or, alternatively, if it is intended to suggest that the issue should have been subjected to referendum because jeopardizing the fund from which operational expenses are met, it is collateral to this proceeding and not properly to be considered in it. See 26 Fla.Jur. “Public Securities and Obligations,” Sec. 145 and cases cited therein.
Therefore, the decree of validation is affirmed.
THORN AL, C. J., and ROBERTS, DREW, O’CONNELL and SEBRING (Retired), JJ., concur.