Mr. George W. Baldwin Village of North Palm Beach Attorney 330 Federal Highway Lake Park, Florida 33403
Dear Mr. Baldwin:
On behalf of the Village of North Palm Beach, you ask substantially the following question:
May the Village of North Palm Beach enact an ordinance requiring a separate majority vote both in the municipality and the area proposed to be annexed before the ordinance becomes effective even though section 171.0413, Florida Statutes, prescribes that there be an election only in the area to be annexed?
In sum:
Section 171.0413, Florida Statutes, which establishes the uniform method for annexation and provides only for a vote in the area to be annexed if the total area to be annexed during the calendar year does not exceed 5 percent of the total land area of the municipality and the population of the area does not exceed five percent of the municipal population, precludes a municipality from requiring passage of the annexation ordinance on a separate referendum vote by the electors of the annexing city.
Chapter 171, Florida Statutes, the Municipal Annexation or Contraction Act, was enacted "to set forth procedures for adjusting the boundaries of municipalities through annexations or contractions of corporate limits and to set forth criteria for determining when annexations or contractions may take place so as to . . . [e]stablish uniform legislative standards throughout the state for the adjustment of municipal boundaries."[1] To ac-complish this purpose, the act provides general law standards and procedures for adjusting the boundaries of Florida municipalities and acts as a preemption to the state regarding legislation in this area.[2]
Section 171.0413, Florida Statutes, provides that a municipality may annex contiguous, compact, unincorporated territory by ordi-nance adopted by the governing body pursuant to the procedures set forth in section 166.041, Florida Statutes, for nonemergency ordinances. However, prior to the ordinance of annexation becoming effective, a referendum on annexation shall be held as set forth in section 171.0413.[3]
Section 171.0413(2), Florida Statutes, provides:
Following the final adoption of the ordinance of annexation by the governing body of the annexing municipality, the ordinance shall be submitted to a vote of the registered electors of the area proposed to be annexed. If the proposed ordinance would cause the total area annexed by a municipality pursuant to this section during any one calendar year period cumulatively to exceed more than 5 percent of the total land area of the municipality or cumulatively to exceed more than 5 percent of the municipal population, the ordinance shall be submitted to a separate vote of the registered electors of the annexing municipality and of the area proposed to be annexed. The referendum on annexation shall be called and conducted and the expense thereof paid by the governing body of the annexing municipality.
Thus, under the procedures above, an approving referendum is held in the municipality as well as the area to be annexed only if the area to be annexed, together with any other property annexed during the calendar year, is greater than 5 percent of the total area of the municipality or exceeds more than 5 percent of the total of the municipal population. Otherwise, the statute pro-vides for a referendum on the issue of annexation only in the area to be annexed.
Subsection (4) of section 171.0413, Florida Statutes, provides:
Except as otherwise provided in this law, the annexation procedure as set forth in this section shall constitute a uniform method for the adoption of an ordinance of annexation by the governing body of any municipality in this state, and all existing provisions of special laws which establish municipal annexation procedures are repealed hereby; except that any provision or provisions of special law or laws which prohibit annexation of territory that is separated from the annexing municipality by a body of water or watercourse shall not be repealed.
Moreover, the courts have consistently held that there is no absolute right to vote on an annexation issue.[4] Prior to 1993, section 171.0413, Florida Statutes 1991, required submission of the annexing ordinance to a separate referendum vote of the registered electors of the annexing municipality and of the area proposed to be annexed. In 1993, the statute was amended to provide only for an election in the area to be annexed.[5] The staff analysis for such amendment recognized the Legislature's authority to determine who may vote in such elections, stating that "the Legislature may allow city electors to vote, may allow only electors in the area to be annexed to vote, or may allow both groups to vote in separate referendums."[6]
When the controlling law directs how a thing shall be done, that is, in effect, a prohibition against its being done in any other way.[7] As noted above, municipalities possess no home rule powers regarding the subject of annexation but must act in accordance with the procedures prescribed by the Legislature. In light of the procedure prescribed in section 171.0413, Florida Statutes, providing for a vote only in the area to be annexed, I am of the opinion that the municipality may not require passage of the annexation ordinance on a separate referendum vote by the electors of the annexing city if the total area to be annexed during the calendar year does not exceed five percent of the total land area of the municipality and the population of the area does not exceed five percent of the municipal population.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 171.021(2), Fla. Stat.
[2] See, s. 171.022(2), Fla. Stat., stating that the provisions of any special act or municipal charter relating to the adjusting of municipal boundaries in effect on October 1, 1974 (the effective date of Chapter 171, Florida Statutes), are repealed except as provided in Chapter 171. And see, Art. VIII, s. 2(c), Fla. Const. (municipal annexations of unincorporated territory, merger of municipalities, and exercise of extra-territorial powers by municipalities shall be as provided by general or special law); and s. 166.021, Fla. Stat., stating that municipalities have home rule powers except, among others, on the subjects of annexation, merger, and the exercise of extraterritorial power which require a general law or special law. But see, Art. VIII, s. 11(1)(c), (5) and (6), Fla. Stat., giving Dade County jurisdiction over its municipal annexations.
[3] Section 171.0413(1), Fla. Stat.
[4] See, City of Long Beach Resort v. Collins, 261 So.2d 498
(Fla. 1972); Capella v. City of Gainesville, 377 So.2d 658 (Fla. 1979); North Ridge General Hospital v. City of Oakland Park,374 So.2d 461 (Fla. 1979).
[5] Section 1, Ch. 93-243, Laws of Florida. And see, s. 16, Ch. 93-206, Laws of Florida, containing substantially the same amendment of section 171.0413, Fla. Stat.
[6] Final Bill Analysis Economic Impact Statement on CS/HB 891, Florida House of Representatives, Committee on Community Affairs, dated May 5, 1993.
[7] Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944) (When the Legislature has prescribed the mode, that mode must be observed); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).