679 So.2d 1206 (1996)
Donald M. SULLIVAN, Clarence Salyers, et al., Appellants/Cross-Appellees,
v.
VOLUSIA COUNTY CANVASSING BOARD, etc., et al., Appellee/Cross-Appellants.
No. 96-65.
District Court of Appeal of Florida, Fifth District.
August 2, 1996.
Rehearing Denied September 24, 1996.
Stephen D. Milbrath of Allen, Dyer, Doppelt, Franjola & Milbrath, P.A., Orlando, for Appellants/Cross-Appellees.
Jonathan D. Kaney, Jr., of Cobb Cole & Bell, Daytona Beach, for Appellee/Cross-Appellant, City of Deltona.
Daniel D. Eckert, Deland, for Appellee/Cross-Appellant, County of Volusia and Volusia County Canvassing Board.
THOMPSON, Judge.
We affirm the final judgment holding valid the election process that created the City of Deltona and dissolved the Deltona Fire District and the Deltona Municipal Services District.
Donald M. Sullivan, Clarence Salyers, Bruce Crane, and Eugene Harralson, the plaintiffs below, contend that the election process was defective because of various alleged notice and ballot irregularities. We affirm because, while this appeal was pending, *1207 the legislature passed Senate Bill 532 which provides:
Senate Bill No. 532
A bill to be entitled
An act relating to Volusia County; declaring the referendum election held pursuant to chapter 95-498, Laws of Florida, establishing the City of Deltona to be legal and valid; providing an effective date.
Be it enacted by the Legislature of the State of Florida:
Section 1. Notwithstanding any provision of general or special law to the contrary, the referendum election held in Volusia County on September 5, 1995, to establish the city of Deltona as authorized by chapter 95-498, Laws of Florida, and all acts and proceedings held in connection with said referendum, are hereby declared legal and valid.
Section 2. This act shall take effect upon becoming a law.
The legislature has the power to create and dissolve municipalities. See Art. VIII, § 2, Fla. Const. And, what the legislature could have authorized, it can ratify. Charlotte Harbor & N. Ry. Co. v. Welles, 260 U.S. 8, 11, 43 S.Ct. 3, 4, 67 L.Ed. 100 (1922). In other words:
If the thing wanting, or which failed to be done, and which constitutes the defects in the proceeding, is something the necessity for which the legislature might have dispensed with by prior statute, then it is not beyond the power of the legislature to dispense with it by subsequent statute. And if the irregularity consists in doing some act, or in the mode or manner of doing some act, which the legislature might have made immaterial by prior law, it is equally competent to make the same immaterial by subsequent law.
Middleton v. City of St. Augustine, 42 Fla. 287, 29 So. 421, 431 (Fla.1900) (quoting Judge Cooley, Constitutional Limitations). See also, State v. Haines City, 137 Fla. 616, 188 So. 831 (Fla.1939); County of Orange v. Webster, 546 So.2d 1033 (Fla.1989); County of Palm Beach v. State, 342 So.2d 56 (Fla.1976); Givens v. Hillsborough County, 46 Fla. 502, 35 So. 88 (Fla.1903). After-the-fact validating legislation is perfectly proper to cure procedural defects. County of Palm Beach, 342 So.2d at 58.
Further, the special act incorporating the city subject to a referendum was sufficient to place interested voters on inquiry notice. See State ex rel. Watson v. City of Miami, 153 Fla. 653, 15 So.2d 481 (Fla.1943); North Ridge General Hospital, Inc. v. City of Oakland Park, 374 So.2d 461 (Fla.1979), appeal dismissed, 444 U.S. 1062, 100 S.Ct. 1001, 62 L.Ed.2d 744 (1980).
Finally, the curative act is limited to the proceedings in connection with the City of Deltona referendum election and therefore does not suffer the defects found in the acts described in Certain Lots Upon Which Taxes Are Delinquent v. Town of Monticello, 159 Fla. 134, 31 So.2d 905 (Fla.1947).
AFFIRMED.
W. SHARP and GRIFFIN, JJ., concur.